[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE HEARING ON DAMAGES
This is an action instituted by the plaintiff seeking monetary compensation for injuries suffered as a result of an automobile accident involving the defendant Sandra Riehl. The defendant was served with the summons and complaint as evidenced by the return of service filed by the deputy sheriff. On October 4, 2000, a default entered against the defendant for failure to appear. A hearing on damages was scheduled and heard by the court on March 20, 2003. Based on the military affidavit filed, the court finds that the defendant is not in the military of the United States.
Based on the default and the other evidence submitted at the hearing, the court further finds that on November 29, 1997, there was a collision between the automobiles operated by the plaintiff and the defendant. This collision was proximately caused by the negligence of the defendant, and as a result of the collision, the plaintiff suffered injury.
Although the plaintiff has proven that she was injured in the accident, the evidence is less clear about the extent of these injuries. She claims economic damages for medical bills totaling $11,725.66. She also claims that she has been unable to work since the incident and has lost wages to date totaling $36,000. This lost wage claim is based on the plaintiff's testimony that she suffered a permanent partial disability to her lower back as a result of the accident. The court notes that the plaintiff has experienced numerous, differentiated ailments over the years. MRIs have indicated that she has a small, central disc herniation of the lower back (at the L4-5 level) with mild or minimal compression of the L5 nerve roots, but the first such MRI was not taken until 2000, approximately three years after the car accident.
In regard to permanency, her treating physician Dr. Girasole states the following: "As far as a disability rating for her 11/97 accident, she has had so many different complaints I cannot say that this really rates a disability for the accident." In regard to working capacity, Dr. Girasole CT Page 2985 states the following: "I felt that she has a work capacity and is not totally disabled and would be a candidate for a job retraining to see what her work capacity would be." The plaintiff also testified that she does do some bookkeeping work for her husband's business. The plaintiff has not made a claim for lost earning capacity.
Based on the evidence, the court finds that the plaintiff has proven by a preponderance of the evidence that she suffered economic and non-economic damages proximately caused by the incident. The court awards to plaintiff $17,725.66 in economic damages and $45,000 in noneconomic damages.
Therefore, judgment shall enter in favor of the plaintiff Lilly Ragsdale and against the defendant Sandra Riehl for $62,725,66.
So ordered this 28th day of February 2002.
STEVENS, J. CT Page 2986